IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**EULA BLACKLEDGE, on behalf of J.B.**                                             **PLAINTIFF**

V.                                                                  **CAUSE NO. 3:16-CV-00727-CWR-FKB**

**VICKSBURG-WARREN SCHOOL**                                             **DEFENDANTS**
**DISTRICT; and JOHN DOES 1-10**

**ORDER**

      Before the Court is Defendant Vicksburg-Warren School District's Partial Motion to Dismiss Amended Complaint. Docket No. 17. Plaintiff filed a response, Docket No. 21, to which Defendant filed a rebuttal, Docket No. 23. After considering the allegations, arguments, and applicable law, the Court grants Defendant's Motion.

**I.    Factual and Procedural History**

      In August 2015, J.B. started school at Vicksburg Junior High School. Docket No. 16 at 3. Within the first month of the school year, J.B. was allegedly "harassed, teased, bullied, and assaulted as a direct response to his learning disability [Attention Deficit Hyperactive Disorder]." *Id*. at 5.

      A year later, Eula Blackledge filed this suit on behalf of her son, alleging that the District "targeted and subjected J.B. to severe pervasive bullying and harassment on account of his learning disability" in violation of his equal protection and due process rights pursuant to 42 U.S.C. § 1983. Docket No. 1 at 1. He also asserted a state law claim of negligence. *Id*.

      The District moved to dismiss all claims. Docket No. 6. This Court denied the Motion and granted Plaintiff leave to address several deficiencies in his Complaint: "whether (1) the child in question is alive; (2) what elements plaintiff would have to show to support a claimed violation of equal protection in the context of student-to-student harassment; (3) whether a claim

has been brought pursuant to the ADA; and (4) whether plaintiff's claim of negligence is brought pursuant to the [Mississippi Tort Claims Act]." Docket No. 14 at 1.

In May 2015, Plaintiff filed an Amended Complaint, clarifying that (1) the child is still alive; (3) claims have been brought pursuant to the Rehabilitation Act and the ADA[1]; and (4) the negligence claim is brought pursuant to the MTCA. Docket No. 16. But as discussed below, Plaintiff failed to follow this Court's second directive to provide an applicable equal protection standard.

The District now requests that the Court dismiss all federal claims with prejudice and dismiss all state claims without prejudice for their refiling in state court. Docket No. 16 at 2.

## II.    Legal Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of an action that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

When considering a Rule 12(b)(6) motion, the Court accepts all factual allegations as true and makes all reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff's complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. at 677-78 (quotation marks and citation omitted). The plaintiff's claims need not include "detailed factual allegations," but the complaint must contain "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id*. at 678 (quotation marks and citation omitted). The plaintiff must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

---

[1] The District attempts to argue that the Amended Complaint did not clarify whether Plaintiff was bringing a claim under the ADA. Docket No. 18 at 2. But Plaintiff's Amended Complaint expressly states that he is seeking relief under the ADA. *See* Docket No. 16 at 9.

2

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

Since *Iqbal*, the Fifth Circuit has clarified that the Supreme Court's "emphasis on the plausibility of a complaint's allegations does not give district courts license to look behind those allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n.4 (5th Cir. 2011). The plausibility standard calls only "for enough fact to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements." *Flagg v. Stryker Corp.* 647 Fed. Appx. 314, 316 (5th Cir. 2016) (quotation marks and citation omitted).

### III. Discussion

#### A. Section 1983

"To state a claim under Section 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Doe v. Covington Cnty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012).

Here, Plaintiff asserts violations of his Fourteenth Amendment rights to due process and equal protection.

##### 1. Due Process

Plaintiff argues that the bullying and harassment of J.B. "was so severe, pervasive, unreasonable and objectively offensive as to effectively deprive J.B. of equal access to the educational opportunity or benefits of education" in violation of his right to substantive due process. Docket No. 16 at 8.

Fifth Circuit case law is clear, however, that a public school has no constitutional duty to ensure that its students are safe from private violence. *Walton v. Alexander*, 44 F.3d 1297, 1305 (5th Cir. 1995) (ruling that a superintendent had no constitutional duty to protect a student against his classmate's violence); *Teague v. Tex City Indep. Sch. Dist.*, 185 Fed. Appx. 355, 357 (5th Cir. 2006) (finding no special relationship between a school and an eighteen-year-old special education student who was sexually assaulted by another special education student). "[T]he stubborn fact . . . [is that] 'only when the state, by its affirmative exercise of power, has custody over an individual *involuntarily or against his will* does a special relationship exist between the individual and the state.'" *Doe ex rel. Magee v. Covington County Sch. Dist. ex rel. Keys*, 675 F.3d 949, 870 (5th Cir. 2012) (emphasis in original) (citation omitted) (Jolly, J., specially concurring). Plaintiff's due process claim is therefore unavailing.

### 2. Equal Protection

Plaintiff next contends that the District violated his constitutional right to equal protection. He relies on an out-of-circuit standard. *See* Docket No. 21 at 4 (citing *T.E. v. Pine Bush Cent. Sch. Dist.*, 58 F. Supp. 3d 332 (S.D.N.Y. 2014)). The District responds that this claim should be dismissed because Plaintiff has failed to plead a constitutional violation rooted in the District's actions. The Court agrees.

"To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999) (citation omitted). "The Supreme Court has recognized an equal protection claim based on a 'class of one,'" in which the plaintiff must show that "(1) he or she was treated differently from others similarly situated and (2) there was no rational basis for the disparate treatment." *C.H., II ex rel. L.H. v. Rankin Cnty. Sch. Dist.*,

415 F. Appx. 541, 546 (5th Cir. 2011). But "if the challenged government action does not appear to classify or distinguish between two or more relevant persons or groups, then the action—even if irrational—does not deny them equal protection of the laws." *Johnson v. Rodriguez*, 110 F.3d 299, 306 (5th Cir. 1997).

J.B. says he was bullied by other students because of his disability. But he does not allege how the *District* treated J.B. differently from other similarly-situated students or groups in preventing the incidents or in responding to the incidents. Absent allegations that other similarly-situated students were treated differently by the school, Plaintiff has failed to plead a plausible equal protection violation.[2]

### B. Rehabilitation Act and ADA

As the Fifth Circuit has "equated liability standards under § 504 and the ADA," the Court evaluates Plaintiff's claims under the statutes together. *D.A. ex rel. Latasha A. v. Hous. Indep. Sch. Dist.*, 629 F.3d 450, 453 (5th Cir. 2010). "A cause of action is stated under § 504 when it is alleged that a school district has *refused* to provide reasonable accommodations for the handicapped plaintiff to receive the full benefits of the school program." *Id.* at 454 (citation omitted). As such, "the statute requires intentional discrimination against a student on the basis of his disability." *Id.*

In this case, Plaintiff contends that the District violated Section 504 and the ADA when it made J.B. take a test in the principal's office after it learned of the bullying incident in the bathroom. Docket No. 21 at 9. He argues that this remedy punished J.B. rather than the bullies. That is not a refusal of an accommodation, however. The Plaintiff's argument is only a "mere

---

[2] Plaintiff may also state an equal protection claim if he alleges that his disparate treatment was motivated by an illegitimate animus or ill-will by school officials. *Shipp v. McMahon*, 234 F. 3d 907, 916 (5th Cir. 2000). He, however, has not sought this path through which to articulate his equal protection claim.

disagreement with the correctness of the educational services rendered to him" and "does not state a claim for disability discrimination." *D.A.*, 629 F.3d at 455. Accordingly, both claims under Section 504 and the ADA are dismissed.

### C. State Law Claims

What remain are Plaintiff's state law claims. In the Fifth Circuit, the "general rule" is that "courts should decline supplemental jurisdiction [over state law claims] when all federal claims are dismissed or otherwise eliminated from a case." *Certain Underwriters at Lloyd's, London v. Warrantech Corp.*, 461 F.3d 568, 578 (5th Cir. 2006). Pursuant to this authority, the Court will decline supplemental jurisdiction over Plaintiff's state-law causes of action.

## IV. Conclusion

For the reasons stated, Defendant's Partial Motion to Dismiss is granted. Plaintiff's remaining state law claims are dismissed without prejudice for their refiling in state court.

**SO ORDERED**, this the 17th day of October, 2017.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE